UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID E. WRIGHT,<br><br>                Petitioner,<br><br>    v.<br><br>J. T. O'BRIEN, Warden,<br><br>                Respondent. | 1:02-cv-05735 REC TAG HC<br><br>REPORT AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS  (Doc. 1) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was arrested on July 26, 1999, by the State of Oregon on state criminal charges. (Doc. 7, Exhs. 1e, 1f). On October 12, 1999, Petitioner was sentenced in state court to a term of 30 months imprisonment.  (Id.).[1]

On November 10, 1999, Petitioner was turned over to federal authorities, pursuant to a writ of habeas corpus ad prosequendum, to face a federal charge of one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), based on conduct occurring on October 1, 1998. (Doc. 7, Exh. 2).  On January 3, 2000, the State of Oregon vacated Petitioner's state sentence in

---

[1] The record does not disclose the nature of the state charges against Petitioner.  Petitioner himself variously describes the state charges as "unrelated" to his federal charge (Doc. 9, p. 2) and as "arising out of the same incident" as his federal charge. (Doc. 1, p. 4).

1

1  order to re-sentence Petitioner after imposition of his federal sentence. (Id. at p. 2).[2] Petitioner
2  was, at that time, still in federal custody pursuant to the writ of habeas corpus ad prosequendum.
3  (Id.).

4        Petitioner pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), and, on June 14, 2000,
5  was sentenced by the United States District Court for the Western District of Oregon to
6  71 months incarceration for violating 18 U.S.C. §922(g)(1), "with credit for time served as
7  determined by the policies of the Bureau of Prisons." (Id., Exh. 3). Petitioner was returned to
8  the custody of the State of Oregon the following day. (Id.). Eleven days later, on June 26, 2000,
9  Petitioner was re-sentenced by the State of Oregon to a term of 25 months in prison, 21 of which
10 were to run consecutively to the 71-month federal sentence. (Id., Exh. 1e, 1f).

11       In what Respondent characterizes as a "mistake," Petitioner was transferred to federal
12 custody on June 27, 2000, and returned to state custody on February 28, 2001. (Id.). On April 3,
13 2001, having served his state sentence, Petitioner was again returned to federal custody for
14 commencement of service of the 71-month federal sentence. (Id.).

15       Petitioner filed the instant federal Petition for Writ of Habeas Corpus on June 17, 2002,
16 alleging that he has been improperly denied credit against his federal sentence. (Doc. 1). The
17 Court ordered Respondent to file a response to the claims in the Petition on July 2, 2002. (Doc.
18 5). Respondent filed a response on September 10, 2002. (Doc. 7). Petitioner's traverse was
19 filed on October 9, 2002. (Doc. 9). On February 6, 2003, with leave of the Court, Respondent
20 filed a supplemental brief and documents in support of his position. (Doc. 10).

21 **JURISDICTION**

22       Writ of habeas corpus relief extends to a person in custody under the authority of the
23 United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the
24 validity or constitutionality of his conviction must bring a petition for writ of habeas corpus

---

[2] Although Respondent contends that only Petitioner's sentence was vacated, not his conviction (Doc. 7, p. 3), Petitioner has attached to his traverse the order of the Deschutes County Circuit Court, dated December 30, 1999, which vacated the "Judgment of Conviction" in Petitioner's state case and ordered Petitioner's eventual return to state custody for "re-sentencing". (Doc. 9, Exh. 3). The record does not contain sufficient information for the Court to resolve this discrepancy. However, it appears to be irrelevant to the Court's determination of the merits of this habeas petition.

1  under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that
2  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
3  See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of
4  Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th
5  Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).  To receive relief under
6  28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in
7  an illegal, but not necessarily unconstitutional, manner.  See, e.g., Clark v. Floyd, 80 F.3d 371,
8  372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward
9  federal custody); United States v. Jalili, 925 F.2d at 893-94 (asserting petitioner should be
10  housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990)
11  (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time
12  spent in state custody); Brown v. United States, 610 F.2d at 677 (challenging content of
13  inaccurate pre-sentence report used to deny parol).  A petitioner filing a petition for writ of
14  habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the
15  petitioner's custodian.  Id.
16      In this case, Petitioner alleges that he is being unlawfully denied credit against his federal
17  sentence.  Petitioner is challenging the execution of his sentence rather than its imposition.  Thus,
18  his petition is proper under 28 U.S.C. § 2241.  In addition, because Petitioner is incarcerated at
19  the United States Penitentiary ("USP"), Atwater, California, which is within the Eastern District
20  of California, Fresno Division, this Court has jurisdiction to proceed to the merits of the petition.

21                                  **EXHAUSTION**

22      A preliminary question is whether petitioner has exhausted available administrative
23  remedies.  Before filing a petition for writ of habeas corpus, a federal prisoner challenging any
24  circumstance of imprisonment must first exhaust all administrative remedies. MacCarthy v.
25  Madigan, 503 U.S. 140, 144-145, 112 S.Ct. 1081, 1086-87 (1992); Western Radio Services Co.
26  v. Espay, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.3d 570, 571 (9th Cir.
27  1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith,
28  701 F.2d 844, 845 (9th Cir. 1983).

1  The requirement that federal prisoners exhaust administrative remedies before filing a
2  habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison,
3  895 F.2d 533, 535 (9th Cir. 1990). Thus, "[B]ecause exhaustion is not required by statute, it is
4  not jurisdictional." Id. If a petitioner has not properly exhausted his claims, the district court, in
5  its discretion, may either "excuse the faulty exhaustion and reach the merits, or require the
6  petitioner to exhaust his administrative remedies before proceeding to court." Id.

7  Here, Petitioner has raised his claims at all administrative levels up to the Administrator
8  of National Inmate Appeals. (Doc. 7, Exhs. 1a-1h). Respondent does not raise exhaustion as an
9  issue, but has instead responded to the merits of Petitioner's claims. Accordingly, the Court
10 finds that Petitioner has appropriately exhausted his administrative remedies.

**DISCUSSION**

12 Petitioner alleges that he has been denied credit against his federal sentence for time spent
13 in custody from June 14, 2000, the date Petitioner was sentenced on his federal conviction, to
14 April 3, 2001, the date Petitioner completed his state sentence and was returned to federal
15 custody for the service of his federal sentence. (Doc. 9, p. 7). This contention is without merit.

16 The authority to compute a federal prisoner's sentence is delegated to the Attorney
17 General, who exercises it through the Bureau of Prisons ("BOP"). United States v. Wilson, 503
18 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th
19 Cir. 1998), *cert denied*, 525 U.S. 1091 (1999). "Computing a federal sentence requires two
20 separate determinations: first, when the sentence commences; and, second, to what extent the
21 defendant in question may receive credit for any time already spent in custody." United States v.
22 Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass.,
23 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.
24 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).

25 A. Petitioner's Federal Sentence Commenced On April 3, 2001.

26 A federal sentence commences "on the date the defendant is received in custody. . . to
27 commence service of sentence at the official detention facility at which the sentence is to be
28 served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1368-69 (9th Cir. 1991). Here,

4

1 Petitioner was delivered into federal custody on April 3, 2001 to serve his sentence of 71 months.
2 Prior to this date, Petitioner was serving his state sentence. There is no dispute that Petitioner is
3 entitled to credit against his federal sentence after April 3, 2001, and he has been given such
4 credit. Petitioner, however, contends that his federal sentence commenced on the date of his
5 sentencing in federal court, i.e., June 14, 2000, not when he was delivered to the federal
6 authorities by the State of Oregon for service of his federal sentence on April 3, 2001, and that he
7 is entitled to credit against his federal sentence for that period of time as well. (Doc. 10, p. 4).
8 Petitioner is mistaken.

Thomas v. Brewer is dispositive here. Thomas v. Brewer, 923 F. 2d 1361. In that case,
petitioner James Ray Thomas ("Thomas") was arrested on state charges on May 10, 1964. While
in state custody, he was charged in federal court with armed bank robbery. On three occasions-
June 15, 1964, June 23, 1964, and August 4, 1964-Thomas was brought to federal court on a writ
of habeas corpus ad prosequendum to answer the federal charges. On the latter date, Thomas
was sentenced to the "maximum period prescribed by law." Thomas v. Brewer, 923 F.2d at
1363.

After his sentencing in federal court, Thomas was returned to state authorities in
Los Angeles, where, on August 28, 1964, he appeared in state court and was sentenced to two
concurrent terms. Id. On February 11, 1965, Thomas was sentenced in state court to a term of
life on yet another charge. Id. at 1364. Thomas began serving his state term in California State
Institution, Chino, on February 23, 1965. Id. On November 23, 1966, pursuant to a
recommendation of the state court, petitioner was turned over to the United States Marshal
to enable concurrent service of Thomas's federal and state terms. At an unknown date in
December 1966, Thomas was delivered to the Federal Correctional Institute, Lompoc, California.
Id.

Thomas contended in a federal habeas petition that he should be given credit for time in
custody between August 4, 1964 and November 23, 1966. Id. The federal district court
disagreed and denied Thomas's petition. Id. The Ninth Circuit affirmed, rejecting Thomas'
contention that he was in federal custody at the time of his initial federal sentencing on

5

August 4, 1964, and that his federal sentence should therefore run from that date. Id.  In so doing, the Ninth Circuit upheld the district court's determination that Thomas's sentence commenced to run on November 23, 1964, the date he was originally released from state prison and turned over to the custody of the United States Marshal for concurrent service. Id. at 1369 ("[T]homas's sentence could not have begun to run until he was received at an institution either to serve his sentence, or to be transported to another institution where his sentence was to be served.").

Thomas v. Brewer is indistinguishable from the instant case. Thomas v. Brewer, 923 F. 2d 1361.  Contrary to Petitioner's assertions, he was not "received into custody...to commence service of sentence at the official detention facility at which the sentence is to be served" on June 14, 2000; he was merely sentenced on his federal conviction on that date. On the other hand, Petitioner was "received into custody" for such service of sentence on April 3, 2001, when federal authorities took custody of Petitioner upon completion of his state sentence. Id., at 1369; see United States v. Segal, 549 F.2d 1293, 1301 (9th Cir. 1977)("[A] federal term cannot begin until a prisoner has been received by federal authorities"); United States v. Graham, 538 F.2d 261, 265 (9th Cir. 1976)("Unless time is served in federal custody, it does not count as credit for time served under a federal sentence"); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir. 1951)("[H]is Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary").

Accordingly, April 3, 2001 was the date when Petitioner's federal sentence "commenced."

B. Petitioner Is Not Entitled To Additional Credits.

   1. No Entitlement To Credit For Federal Custody Time Pursuant To A Writ of Habeas Corpus Ad Prosequendum.

Insofar as Petitioner alleges that his federal sentence commenced when he was produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum (Doc. 9, p. 7), he is mistaken. The production of a defendant in state custody to a federal court

6

pursuant to a writ of habeas corpus ad prosequendum does not constitute the commencement of a sentence under federal law. <u>Taylor v. Reno</u>, 164 F.3d 440, 444-45 (9th Cir. 1998), *cert. denied*, 527 U.S. 1027 (1999); <u>Thomas v. Brewer</u>, 923 F.2d at 1366-67. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner upon satisfaction of the state term. <u>Taylor v. Reno</u>, 164 F.3d at 445; <u>Thomas v. Brewer</u>, 923 F.2d at 1366-67. As the Ninth Circuit has held:

> When an accused [in state custody] is transferred [to federal custody] pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.

<u>Thomas v. Brewer</u>, 923 F.3d at 1367, *quoting* <u>Crawford v. Jackson</u>, 589 F.2d 693, 695 (D.C. Cir. 1978), *cert. denied*, 441 U.S. 934 (1979). Thus, in this case, the State of Oregon had primary jurisdiction over Petitioner until April 3, 2001, because he was serving a state sentence prior to his arrest and conviction on federal charges. As discussed, Petitioner was not turned over to federal authorities for service of his federal sentence until April 3, 2001. Thus, Petitioner is not entitled to credit against his federal sentence for the time prior to April 3, 2001 that he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. 18 U.S.C. § 3585(a).

                2. <u>No Entitlement To Credit For Time Served On State Sentence</u>.

Nor is Petitioner entitled to credit against his federal sentence for time credited to his state sentence under 18 U.S.C. § 3585, which provides, inter alia, that "[a] defendant be given credit for any time spent in official detention prior to the date a sentence commences . . . that ***has not been credited against another sentence***." 18 U.S.C. § 3585(b) (emphasis added). As noted by Respondent, all of the time Petitioner seeks to have credited against his federal sentence has already been credited toward his state sentence by the State of Oregon. Indeed, Respondent's evidence, which is not contested by Petitioner, establishes that Petitioner received state credit for *all* time in custody between Petitioner's original arrest by the State of Oregon on July 26, 1999, and April 3, 2001, the date Petitioner was turned over to federal authorities for service of his federal sentence. (Doc. 10, Exhs. 4, 5, and 6).

///

Since Petitioner received credit against his state sentence for the all time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum, as well as for all time spent serving the state sentence, he is not entitled to any additional credit against his federal sentence for the same period of time.  18 U.S.C. § 3585(b); see also United States v. Wilson, 503 U.S. 329, 337 ("[C]ongress made clear [in 18 U.S.C. § 3585(b)] that a defendant could not receive a double credit for his detention time."); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988)(per curium)(applying the precursor to 18 U.S.C. § 3585, and concluding that "[S]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time"); Rios v. Wiley, 201 F.3d 257, 274-275 (3d Cir. 2000)("[T]he general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which a pre-sentence credit is sought."); United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998)("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").  To award Petitioner such credit again would be in direct violation of the governing federal statute.

Finally, Petitioner erroneously contends that the State of Oregon's action vacating his original sentence and its subsequent re-sentencing of him after his federal sentence was imposed somehow alters this analysis.  Petitioner's argument is without merit.

As discussed above, on January 3, 2000, while Petitioner was serving his state sentence, the State of Oregon vacated his original sentence but not his conviction.  (Doc. 7, Exh. 2, p. 2). At that time, Petitioner was in temporary federal custody awaiting sentencing; thus, the State of Oregon decided to wait until resolution of the federal charges before re-assuming custody of Petitioner.  (Id.).  Petitioner was sentenced in federal court on June 14, 2000 and returned to state custody the following day.   Petitioner was re-sentenced on the state convictions on June 26, 2000.  (Id.).

///

///

Petitioner asserts that when the State of Oregon vacated his original sentence, it relinquished "primary jurisdiction" over him. (Doc. 10, p. 7). Thus, Petitioner reasons, Respondent became the "first sovereign" with "primary jurisdiction" over him. (Id.). In support of this proposition, Petitioner cites United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). (Doc 10, p.7). Petitioner's reliance on that case, however, is misplaced, and in any event, even were primary jurisdiction established it would not entitle Petitioner to double credits in direct contravention of § 3585(b).

In United States v. Warren, the defendant pleaded guilty to both federal and state charges and, pursuant to a plea bargain, was sentenced in both jurisdictions. United States v. Warren, 610 F.2d 680. While in state custody, the defendant filed a combined motion in federal court to reduce his sentence and to transfer him to federal custody. Id. at 683. Subsequently, the federal district court concluded that federal prosecutors had breached the plea agreement and granted the defendant's motion to reduce part of his sentence and to transfer him from state to federal custody. Id. However, the Ninth Circuit reversed the district court's order of transfer, holding that in transferring the defendant, the federal court had "violated fundamental principles of comity and separation of powers," explaining:

> Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction, here, the United States, may elect under the doctrine of comity to relinquish it to another sovereign. This discretionary election is an executive, not a judicial, function."

Id. at 684-685.

Here, although Petitioner's argument appears to be that the BOP had no authority to relinquish Petitioner from federal to state custody (Doc. 9, Exh. 1, p. 2), and not, as in United States v. Warren, from state to federal custody, the same principles of comity would apply and the same result would obtain. United States v. Warren, 610 F.2d 680. Even if the United States had assumed primary jurisdiction over Petitioner at the time it sentenced him, it could have chosen to relinquish that jurisdiction, under principles of comity, to the State of Oregon for

9

Petitioner's re-sentencing in state court, without relinquishing any right to enforce § 3585's prohibition against an award of double credits. Nothing in United States v. Warren suggests the contrary. Id.

The designation of either the state or federal government as having "primary" or "secondary" jurisdiction over Petitioner has direct no bearing on his entitlement to credits. "As a general rule, [primary jurisdiction only means that] the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." Thomas v. Brewer, 923 F.2d at 1365[3]; United States v. Warren, 610 F.2d at 684-85; see also Taylor v. Reno, 164 F.3d at 444 n. 1 ("The term 'primary jurisdiction' in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns. A lack of 'primary jurisdiction' does not mean that a sovereign does not have jurisdiction over a defendant. It simply means that the sovereign lacks priority of jurisdiction for purposes of trial, sentencing and incarceration." (Citations omitted.)).

Thus, even assuming, arguendo, that Petitioner was correct in asserting that Respondent gained primary jurisdiction over Petitioner from January 3, 2000 until June 14, 2000, that fact would not in any way avail Petitioner, since § 3585's bar against double credits is not contingent upon which entity awarded the credits or upon whether, at the time credits were awarded, the federal or state entity had primary jurisdiction. The reason Petitioner is not entitled to credit now is because he has *already* been given credit once by the State of Oregon and, under § 3585, he cannot be awarded the *same* credits a *second time*.

Had the State of Oregon not awarded Petitioner credit against his state sentence for time spent in federal custody, the issue presented here would be cast in a different light. However, the State of Oregon did make such an award, and that act, together with § 3585's express prohibition against a second award of credits for the same time served, dictate the Court's decision.

---

[3] Although the court in Thomas construed 18 U.S.C. § 3568, Thomas v. Brewer, 923 F.2d at 1368-69, that provision was rewritten and re-codified as § 3585(b) in the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987. United States v. Wilson, 503 U.S. at 332. The changes made by Congress in the version of the statute that took effect in 1987 are irrelevant for purposes of the deciding the issues raised by Petitioner in this case.

For all of the reasons set forth above, the Court finds Petitioner is not entitled to habeas corpus relief.

### **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 6, 2006**                    /s/ **Theresa A. Goldner**
**j6eb3d**                                                   UNITED STATES MAGISTRATE JUDGE